MR. JUSTICE MORRISON,
concurring:
I concur in the result. The purpose of this concurring opinion is to comment on the “legal cause” discussion found in the majority opinion.
Instruction No. 27 states as follows:
“A ‘cause’ of damage, for our purposes, is that cause which in an actual and continuous sequence, unbroken by any new and independent cause, produces the damage, and without which it would not have occurred.
“This does not mean that the law recognizes only one cause of damage, consisting of only one factor, one act, one element or circumstance, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the cause of damage, and in such a case, each of the participating acts or omissions is regarded in law as the cause of the damage.”
The above-quoted instruction is not a “legal cause” instruction. The first paragraph of the instruction is a proxi *64 mate cause instruction. The second paragraph is a concurrent cause instruction.
There is no reversible error in giving Instruction No. 27. However, it is not advisable to give a proximate cause instruction where there are concurrent causes. Instruction No. 27 is internally inconsistent and confusing. The first paragraph instructs the jury that the cause with which they are concerned must have been such that, without the cause, the damage would not have ensued. This is the old “but for” rule.
The second paragraph of Instruction No. 27 is a standard concurrent cause instruction which permits the finding of causation if two causes work concurrently to produce damage. Clearly, the instruction confuses the jury because this paragraph of the instruction does not require a finding by the jury that the accident would not have occurred, but for the cause being examined.
It certainly was not reversible error to give a proximate cause instruction combined with a concurrent negligence instruction. Unfortunately, that has been done for years in Montana. However, it should not be done in the future.
All legal authorities now recognize that, where there are concurrent causes, a legal cause instruction should be given. BAJI 3.76 sets forth that instruction as follows:
“A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.”
The note below the BAJI instruction states:
“Where injury may have resulted from either of two causes operating alone, this Instruction 3.76 on legal cause should be given and not Instruction 3.75 on proximate cause. (Emphasis supplied.)”
BAJI instruction 3.76 is taken from Restatement of Torts, 2d Section 431, p. 428, wherein it is stated:
“The actor’s negligent conduct is a legal cause of harm to another if
*65 “(a) his conduct is a substantial factor in bringing about the harm, and
“(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.”
Prosser, Torts, 4th Ed., Section 11, p. 240, states:
“. . . It has been considered that ‘substantial factor’ is a phrase sufficiently intelligible to the layman to furnish an adequate guide in instructions to the jury, and that it is neither possible nor desirable to reduce it to any lower terms. As applied to the fact of causation alone, no better test has been devised.
“Such a formula, for it can scarcely be called a test, is clearly an improvement over the ‘but for’ rule . .
The substantial factor test found in the legal cause rule is preferable and less confusing. It should be given where there is more than one potential cause.
Here, the district court gave the old “but for” rule combined with an instruction on concurrent cause. Such practice should, in the future, be discouraged but does not constitute reversible error.